UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD JAMES CARTER,

    Plaintiff,

v.                               Case No. 2:24-cv-966-KCD-NPM

GARMMAN, VELASQUAZ and
J. MARSHALL,

    Defendants.
_____/

## ORDER

Before the Court is Defendants Garmman, Velasquaz, and Marshall's motion to dismiss. (Doc. 32.) For the reasons discussed below, the motion is **GRANTED**. If Plaintiff wishes to continue with this case, he must file a second amended complaint within twenty-one days.

### I. Procedural History and Amended Complaint

Plaintiff—a prisoner at Charlotte Correctional Institution at all times relevant to this action—generally alleges that he was beaten and sexually assaulted by several officers at the prison on November 10, 2021. (Doc. 27.) Defendants moved to dismiss Plaintiff's original complaint, arguing it was a shotgun pleading that failed to adequately apprise the defendants of the claims against them. (Doc. 25.) Defendants also argued that Plaintiff's official-capacity claims were barred by Eleventh Amendment immunity. (*Id*. at 5.)

Instead of responding to the motion, Plaintiff filed an amended complaint that did not address the deficiencies Defendants raised. (Doc. 27.) In addition, his amended complaint now contains factual allegations under the sections of the civil rights complaint form labeled "Basis for Jurisdiction" and "Statement of Claim" as well as in an attached "Sworn Statement," making it difficult for Defendants to draft a responsive pleading. (Doc. 27.) Plaintiff also still sues each defendant in both his official and individual capacity. (*Id.* at 2–3.)

## II. Legal Standard

In evaluating a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). This includes all reasonable inferences from the allegations. *Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). But factual allegations must be more than speculative:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1] Likewise, courts are not

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

"bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.[2]

### III. Discussion

Defendants argue, among other things, that Plaintiff has filed a shotgun pleading. Specifically, they note that "it remains unclear what specific Eighth Amendment violations are alleged." (Doc. 32 at 5.) They also complain that "Plaintiff does not appear to limit his claims and supporting facts to Section IV of the Complaint. Instead, Plaintiff intersperses facts and elements of various Eighth Amendment claims throughout the entirety of the Complaint. In completing Section II, Basis for Jurisdiction, Plaintiff incorporates a

---

[2] The Court's review of Plaintiff's amended complaint is not limited to Defendants' arguments. The Prison Litigation Reform Act requires the Court to dismiss this case *at any time* if it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a), (b).

handwritten supplement that again may be understood as additional factual allegations, or additional claims." (*Id.* at 6.) Plaintiff also attaches a "Sworn Statement" of universal allegations that "are grouped in a nonsensical manner that do not bear any relation to the claims." (*Id.*) According to Defendants, the "chaotic nature" of the amended complaint puts them "in the position of having to guess at Plaintiff's claims and limits their opportunity to prepare and clearly assert their defenses." (*Id.*)

The Court agrees that Plaintiff has not filed a cogent complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are "replete with conclusory, vague, and immaterial facts" and or that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Id.* at 1323, A court

4

has "inherent authority to control its docket and ensure prompt resolution of lawsuits, which . . . includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule (10)(b)." *Id.* at 1320.

Turning to the amended complaint here, Plaintiff purports to bring claims under the Eighth Amendment. (Doc. 27 at 3.) However, it is unclear whether Plaintiff brings single constitutional claims against multiple defendants or multiple claims against individual defendants. Likewise, Plaintiff describes various individuals' conduct, but he does not explain why or how the conduct violated his constitutional rights. And by including disparate factual allegations in multiple portions of the complaint, it is unclear which allegations constitute Defendants' allegedly unconstitutional conduct. Thus, Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests,'" *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021), and the Court will not expend scarce judicial resources scouring through the amended complaint to separate logically related, cognizable claims from those that are not, *id.* at 1328 (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff."). The lack of clarity and factual development does not give Defendants adequate notice of Plaintiff's claims and violates Rules 8 (a)(2) and 10(b). Simply put, Plaintiff has filed a shotgun complaint that must be dismissed.

5

Pro se plaintiffs who file shotgun pleadings are generally given an opportunity to remedy the deficient pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Thus, Plaintiff will have one opportunity to file a single and comprehensive second amended complaint to cure the deficiencies described in this Order and in Defendants' motion to dismiss. Plaintiff must state with specificity all facts supporting each alleged constitutional violation. He must state those separately-numbered facts in a single "Statement of Claim" (Section IV(D) of the complaint form). If Plaintiff needs additional room to list his facts, he may attach separate pages to the complaint (labeled "Statement of Claim, Continued"), but the Court will not consider (and will not require Defendants to consider) substantial factual allegations in other portions of the complaint form. Plaintiff shall not include case citations or argument in his second amended complaint. Instead, the factual allegations must state the constitutional violation as to each named defendant and explain how and when that defendant committed the alleged violation.

Plaintiff shall also separately list his claims. Although the complaint form is confusing in this respect, Plaintiff may attach a separate sheet to the complaint form labeled "Claims." He should "number each claim and write a short and plain statement of each claim in a separate paragraph." *See* Part IV, Complaint Form. He must identify the defendant against whom each claim is

brought. (Example: Claim One, Excessive Force, Defendant Doe). He should not include or restate any factual allegations in this portion of the complaint because those will have already been listed in numbered paragraphs in the "Statement of Claims." Finally, Plaintiff shall specify the relief requested and why it should be granted.

When amending, Plaintiff must be aware that each defendant now named is an employee of the Florida Department of Corrections (FDOC). Defendants argued in their first motion to dismiss that Plaintiff could not seek monetary damages against any FDOC defendant in his or her official capacity because such claims are barred by the Eleventh Amendment. Despite the explanation, Plaintiff once again brings his claims against Defendants in both their individual and official capacities. A suit against an FDOC employee in his or her official capacity is a suit against the agency itself. *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005). But under the Eleventh Amendment, states and state agencies cannot be sued for monetary damages in federal court without consent. *See Pennhurst State School & Hospital v. Halderman*, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought," and regardless of whether a plaintiff's claims are brought under federal or state law. *Id.* The FDOC is a state agency for Eleventh Amendment purposes and has not waived its immunity from suit. *See, e.g., Walden v. Fla. Dep't of Corr.*,

7

975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (recognizing that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Thus, all official-capacity claims for monetary damages are dismissed with prejudice for failure to state a claim on which relief may be granted.

## IV. Conclusion

Plaintiff's amended complaint is subject to dismissal as a shotgun pleading and for failing to state a claim on which relief may be granted. Plaintiff may file a second amended complaint, but he should carefully review both this Order and Defendants' motion to dismiss to ensure that he addresses all of the deficiencies in his amended complaint. Any amended complaint will be subject to screening and/or a further motion to dismiss.

Accordingly, it is **ORDERED**:

1. Defendants' motion to dismiss (Doc. 32) is **GRANTED**. All claims in Plaintiff's amended complaint (Doc. 27) are **DISMISSED**.

2. Plaintiff may file a second amended complaint within **TWENTY-ONE (21) DAYS** from this Order. If Plaintiff does not file a second amended complaint, the Court will close this case without further notice.

**ENTERED** in Fort Myers, Florida on December 1, 2025.

Kyle C. Dudek
United States District Judge

9